UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISHA SMITH, | CASE NO. 3:20-cv-06124-RJB |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE OR AMEND PROPOSED COMPLAINT |
| PICK-N-PULL, *et al.*, | |
| Defendants. | |

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") (Dkt. 4) and proposed complaint (Dkt. 1-1), which have been referred to the undersigned by the District Court. *See* Amended General Order 02-19.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss a proposed complaint where a plaintiff seeks to proceed IFP and the proposed complaint fails to state a claim or is frivolous or malicious. Here, although plaintiff qualifies financially to proceed IFP, her proposed complaint fails to state a claim upon which relief can be granted, as discussed herein. The Court will provide plaintiff with an opportunity to amend her proposed complaint to correct the deficiencies

1   identified in this Order; however, the Court declines to rule on her IFP application until plaintiff

2   has done so.  Moreover, failure to timely comply with this Order will result in a recommendation

3   that the matter be dismissed without prejudice.

4                                                    **BACKGROUND**

5           Plaintiff filed her IFP motion on November 10, 2020 (Dkt. 1) and corrected her motion

6   on December 3, 2020.  Dkt. 4.  In her proposed complaint, plaintiff seeks to bring claims against

7   six private businesses that formerly employed her:  "Pick N Pull" (for employment between

8   December 2019 and March 2020); "Performance Warehouse/NPW" (employment August 2018

9   to December 2019); "O'Reilly Auto Parts" (employment June 2011 to February 2013);

10  "AutoZone" (employment March 2011 to June 2011); and "Fife RV Center" (employment dates

11  unspecified).  Dkt. 1-1, at 8–9.

12          Plaintiff appears to base her claims on allegations that in 2013, she was terminated from

13  defendant O'Reilly Auto Parts because of a doctor's note "even though the doctor's note stated

14  return to work."  Dkt. 1-1, at 4.  Further, in September 2016, she was allegedly fired and called

15  "too sensitive" by a manager at Fife RV Center for informing a manger of a sexually harassing

16  comment that was made to her.  Dkt. 1-1, at 4.   Plaintiff additionally alleges that she resigned

17  her position at AutoZone in September 2008 after her hours were cut when she made a sexual

18  harassment claim, although she also lists her dates of employment with AutoZone as being

19  during 2011.  *See* Dkt. 1-1, at 4.

20          More recently, plaintiff alleges, she resigned her position at defendant Performance

21  Warehouse in December 2018.  Dkt. 1-1, at 4.  She appears to allege that she did so because she

22  was subjected to harassment and retaliation.  Dkt. 1-1, at 20.  And in February 2019, she claims

23

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 2

1    that she resigned from defendant Pick N Pull due to a severe hostile and unsafe work

2    environment.  Dkt. 1-1, at 4.

3    **DISCUSSION**

4    **I. Exhaustion (Title VII claim only)**

5    Plaintiff appears to seek to bring claims under Title VII of the Civil Rights Act of 1964

6    (42 U.S.C. § 2000e-3).  *See* Dkt. 1-1, at 4.  To bring such a claim in federal court, a plaintiff

7    must first exhaust her administrative remedies.  *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir.

8    1995); *see Khan v. Ace Cab, Inc.*, No. 2:12-CV-01125-APG, 2013 WL 4046259, at *1 (D. Nev.

9    Aug. 8, 2013) (explaining that plaintiff had to file a charge with the EEOC and bring suit in

10   federal court within 90 days of receiving a right-to-sue letter).

11   Plaintiff attaches a right to sue letter from the EEOC dated August 5, 2020.  Dkt. 1-1, at

12   47.  The Court is unable to discern whether plaintiff received this letter within 90 days of filing

13   her complaint (*see* Dkt. 1-1, at 47), so that the Court cannot tell whether it has subject matter

14   jurisdiction over this case.  In addition, plaintiff has failed to clearly allege or identify the

15   substance of her complaint to the EEOC or other appropriate agency, so that the Court cannot

16   discern whether plaintiff's complaint to the EEOC that resulted in the right-to-sue letter

17   exhausted some, all, or none of the allegations that form the basis for her complaint.  *See Shah v.*

18   *Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271 (9th Cir. 1981) ("The district court lacked

19   subject matter jurisdiction over these additional claims [to those raised in the EEOC complaint]

20   because [plaintiff] failed to raise them before the EEOC.").

21   In addition, if plaintiff seeks to bring claims for hostile work environment, sexual

22   harassment, and retaliation under Title VII, plaintiff should amend her complaint to clearly

23   articulate the allegations against each defendant that form the basis for her claims.  To make out

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 3

1   a *prima facie* case of retaliation under Title VII, plaintiff must clearly and distinctly articulate (1)

2   that she was involved in a protected activity, (2) that she suffered a "materially adverse" action,

3   and (3) a causal link between the two.  *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.

4   2000) (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)); *see also Burlington*

5   *Northern & Santa Fe Rwy. Co. v. White*, 458 U.S. 53, 68 (2006) (setting forth the "materially

6   adverse" standard), *superseded on other grounds as stated in Wellness Int'l Network, Ltd. v.*

7   *Sharif*, 575 U.S. 665 (2015).

8          Regarding the claim of a hostile work environment, plaintiff must show that the

9   harassment suffered was sufficiently severe or pervasive to alter the conditions of employment

10  and create an abusive working environment.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57,

11  67 (1986).  Plaintiff should explain if her claim of hostile work environment is based on sexual

12  harassment or some other grounds.

13      **II.  WPA Claim**

14         In addition, plaintiff appears to seek to bring claims under the Whistleblower Protection

15  Act of 1989 ("WPA"), Pub.L. No. 101–12, 103 Stat. 16 (1989) (codified in scattered sections of

16  5 U.S.C.).  Dkt. 1-1, at 4.  This statute applies to federal employees and not to plaintiff.  *See, e.g.*,

17  *Bunce v. Computer Scis. Corp.*, 113 F. Supp. 3d 234, 237 (D.D.C. 2015).  Therefore, plaintiff's

18  claims under the WPA do not appear to be cognizable.

19      **III.  FLSA Claims**

20         The FLSA's statute of limitations requires actions to be commenced "within two years

21  after the cause of action accrued, except that a cause of action arising out of a willful violation

22  may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).

23  Here, the bulk of plaintiff's claims relate to events that allegedly occurred before 2017.  *See* Dkt.

24

1-1, at 4.  These claims appear to be barred by the FLSA's statute of limitations and do not

appear to be viable.  Therefore, the Court focuses on those claims under the FLSA against

defendants Pick N Pull and Performance Warehouse.

The elements of a claim of retaliation under the FLSA are that an employer "discharge[d]

or in any other manner discriminate[d] against any employee because such employee has filed

any complaint or institute or caused to be instituted any proceeding under or related to [the

FLSA]. . . ."  29 U.S.C. § 215(a)(3).  Plaintiff must plausibly allege that she engaged in protected

conduct or that the employer erroneously believed she engaged in such conduct, that she suffered

an adverse employment action, and that there was a causal link between the protected conduct

and the employment action.  *Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1059

(N.D. Cal. 2002).

Plaintiff does not explain how defendant Pick N Pull or defendant Performance

Warehouse violated the FLSA (which generally concerns wages, recordkeeping, and youth

employment standards) or set forth any allegations that tend to establish the elements of a cause

of action under the FLSA, as set forth above.  *See* Dkt. 1-1, at 4.

**IV.  State Law Claims**

Because plaintiff has not alleged any cognizable federal claims, the Court does not reach

the viability of her state law claims.  Plaintiff should be aware that if she is unable to state viable

claims under federal law, her remaining claims may be subject to dismissal without prejudice.

*See* 28 U.S.C. § 1367(c).

**V.  Fed. R. Civ. P. 8**

In addition to the deficiencies addressed above, plaintiff's proposed complaint fails to

comply with Federal Rule of Civil Procedure 8(a)(2), requiring "a short and plain statement of

1  the claim showing that the pleader is entitled to relief." Plaintiff has filed multiple proposed

2  complaints on different court forms, but none of them clearly and plainly states her specific

3  claims against each employer and how she has alleged facts establishing the elements of each

4  type of claim.

5        Plaintiff filed nearly 200 pages of miscellaneous evidence, portions of which she appears

6  to rely on to provide the allegations of her complaint. But plaintiff should include these

7  allegations in the body of her complaint and not rely on incorporating other documents by

8  reference. Plaintiff should draft a clear, succinct statement of facts that provides the opposing

9  parties and the Court with notice of exactly what allegations form the basis for her claims

10 without having to speculate based on her attached evidence. Plaintiff is advised that the Court's

11 website includes template forms for both Title VII and FLSA violations. *See*

12 https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

13            **CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK**

14        The Court will not rule on plaintiff's IFP application until she provides a proposed

15 complaint that states a cognizable claim. Plaintiff shall respond to this Order by providing an

16 amended proposed complaint on or before **January 15, 2021.** If plaintiff fails to do so, the Court

17 will recommend dismissal of this matter for failure to comply with a Court Order.

18        Plaintiff should note that the amended proposed complaint will be a complete substitute

19 for the prior proposed complaint and should not incorporate any portion of the prior proposed

20 complaint by reference. The proposed complaint should be complete in itself and should not rely

21 on other documents to set forth the allegations of the complaint. Plaintiff should amend her

22 complaint to contain a short, plain statement of her claim against each defendant and allegations

23 clearly articulating each element of each claim that she wishes to bring against that defendant.

24

The Clerk's Office shall update the docket to re-note plaintiff's IFP application (Dkt. 4) for January 15, 2021, and to reflect that the response to this Order is due on the same date.  The Clerk's Office shall provide plaintiff with a copy of this Order.

Dated this 16th day of December, 2020.

J. Richard Creatura
United States Magistrate Judge